**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY CONKLIN, D.O., an individual, | No. 19-35181 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00090-RSL |
| v. | |
| UNIVERSITY OF WASHINGTON MEDICINE, a Washington public health system; UW MEDICINE NW, a Washington public benefit corporation; UNIVERSITY OF WASHINGTON MEDICAL CENTER, a Washington public hospital; UNIVERSITY OF WASHINGTON SCHOOL OF MEDICINE, a Washington public educational institution; SEATTLE CHILDREN'S HOSPITAL, a Washington non-profit corporation; CHILDREN'S UNIVERSITY MEDICAL GROUP, a Washington pediatric group, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| PAUL RAMSEY, M.D.; LESTER PERMUT, M.D.; MARY BRIDGE CHILDREN'S FOUNDATION, a Washington public benefit corporation; AMERICAN BOARD OF THORACIC SURGERY, INC.; THORACIC SURGERY | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted March 4, 2020
Seattle, Washington

Before:  IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Appellant Dr. Jeremy Conklin alleges that Appellee-Defendants conspired to exclude him from a pediatric cardiothoracic surgery fellowship because he is an osteopathic, rather than allopathic, physician.  Conklin brought federal and state antitrust law claims, along with a claim under Revised Code of Washington ("RCW") § 70.41.235, which bars hospitals from discriminating against osteopathic physicians.  The district court dismissed Conklin's complaint, holding that he failed to allege antitrust injury and did not have a cause of action under RCW § 70.41.235.  We review dismissal of Conklin's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046 (9th Cir. 2008).  We affirm.

We begin with Conklin's federal and state antitrust claims.  We express no opinion whether the district court correctly dismissed for failure to adequately

2

plead antitrust injury. But we affirm the dismissal on the alternative ground that Conklin has not plausibly alleged an overlapping element of his antitrust claims: harm to competition. *See Syed v. M-I, LLC*, 853 F.3d 492, 506 (9th Cir. 2017) (allowing a court to affirm a motion to dismiss "on any basis fairly supported by the record"). Conklin concedes in his complaint that at least one osteopathic physician has obtained certification and may perform pediatric cardiothoracic surgery. Additionally, Conklin acknowledges in his complaint that someone else was chosen to fill the pediatric cardiothoracic surgery fellowship that he lost out on. Thus, there has been no increase in price or decrease in the quality of care for patients seeking pediatric cardiothoracic surgery. Moreover, even if the agreement to grant these fellowships only to persons who satisfy the ACGME certification requirement discriminates against doctors of osteopathy and thus lessens consumer choice between such osteopathic doctors and medical doctors in the market for pediatric thoracic surgery, the complaint does not allege any resulting difference in thoracic surgery services, quality, or availability, so this reduced choice does not give rise to an injury to competition. *See Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1202 (9th Cir. 2012) ("[A]llegations that an agreement has the effect of reducing consumers' choices or increasing prices to consumers does not sufficiently allege an injury to competition."). Accordingly, Conklin has failed to plausibly allege harm to competition. *See Rutman Wine Co. v. E. & J. Gallo*

3

*Winery*, 829 F.2d 729, 736 (9th Cir. 1987) (affirming dismissal of Sherman Act Section 1 claim for failure to plead harm to competition); *cf. Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (affirming grant of summary judgment where a hospital's policy, which favored physician over non-physician anesthetists, did not harm competition).

We also affirm the dismissal of Conklin's RCW § 70.41.235 claim. Notwithstanding Conklin's correspondence with the Washington Department of Health, enforcement of the statute is expressly vested in the Washington Department of Health. RCW § 70.41.010. We will not read a cause of action into the statute where the Washington legislature did not provide one. *State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n*, 999 P.2d 602, 611 (Wash. 2000) (en banc) ("When words in a statute are plain and unambiguous, this Court is required to assume the Legislature meant what it said and apply the statute as written.").

**AFFIRMED.**